## No. 6279.

### STATE EX REL. JAMES KOPPEL VS. WILLIAM L. THOMPSON.

Justices of the peace are constitutional officers composing a part of the judiciary. Article ninety-six of the constitution of 1868 provides for the removal of various State officers, the judges of the Supreme Court, and the judges of inferior courts, justices of the peace excepted, by impeachment.

The removal from office of justices of the peace is provided for by address of two-thirds of the members of both branches of the General Assembly, according to article 106 of said constitution, as they are not removable by impeachment as provided for the removal of other constitutional officers in accordance with article ninety-six of the constitution.

As the manner of removal from office of justices of the peace is established by the constitution, no other method of removal can be resorted to, and therefore the provisions of the act No. 26 of the acts of 1873, so far as they declare that a conviction of extortion in office by a public officer shall *ipso facto* operate a vacation of the office, are at variance with article 106 of the State constitution, and do not apply to the defendant. It follows that no vacancy in the office of fifth justice of the peace of the parish of Orleans has arisen, as alleged by relator, from the pretended conviction of defendant of the offense of extortion in office. There being no vacancy, there was no room for an appointment by the Governor.

APPEAL from the Superior District Court, parish of Orleans. *Lynch, J. A. J. Lewis*, for relator and appellee. *S. Belden*, for defendant and appellant.

TALIAFERRO, J. The relator sets forth that he was duly nominated by the Governor of the State for the office of fifth justice of the peace for the parish of Orleans, and duly confirmed; that he was commissioned and took the oath of office on the nineteenth of January, 1876. The relator complains that he is prohibited from the exercise of the duties of the office he has been appointed to and deprived of the privilege and emoluments of the same by one William L. Thompson, who unlawfully exercises the duties thereof. He prayed that a rule be granted compelling said Thompson to show cause why it should not be decreed that he is unlawfully holding said office, and that the relator is justly entitled to it, and to be put into possession thereof. In answer to the rule the defendant denied the right of the relator to the office, alleging that respondent was duly elected to said office in 1874, and was commissioned according to law by the Governor of the State, and that no vacancy has occurred in the said office. Judgment was rendered in favor of the relator. The defendant has appealed.

It seems the relator, Koppel, was appointed to fill the alleged vacancy arising in the office in controversy from a conviction of the defendant of the offense of extortion in office. Acts of 1873, p. 63.

On the part of the defendant it is argued that the provisions of the second section of the act of the fifteenth of February, 1873 (act No. 26 of the acts of 1873), so far as they declare that a conviction of extortion in office by a public officer shall *ipso facto* operate a vacation of the office or functions of such officer, are at variance with article 106 of the State constitution, which provides that " all civil officers shall be removable by an address of two thirds of the members elect to each house of the General Assembly, except those whose removal is otherwise provided for by this constitution."

It is held in defense of Thompson, the defendant, that justices of the peace are constitutional officers composing a part of the judiciary; that article ninety-six of the constitution of 1868 provides for the removal of various State officers, the judges of the Supreme Court and the judges of inferior courts, justices of the peace excepted, by impeach-

ment; that the removal from office of justices of the peace is provided for by address of two thirds of the members of both branches of the General Assembly according to article 106 above referred to, as they are not removable by impeachment as provided for the removal of other constitutional officers in accordance with article ninety-six of the constitution; that as the manner of removal from office of justices of the peace is established by the constitution, no other method of removal can be resorted to, and therefore the provisions of the second section of the act of the fifteenth of February, 1873, as quoted above, do not apply to the defendant, and therefore that no vacancy in the office of fifth justice of the peace for the parish of Orleans has arisen, as alleged by relator, from the pretended conviction of the defendant of the offense of extortion in office, and, there being no vacancy, there was no room for an appointment.

We think the defense should be sustained.

It is therefore ordered that the judgment of the Superior District Court be annulled, avoided, and reversed. It is further ordered that there be judgment in favor of the defendant with costs in both courts.

Rehearing refused.